UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA BUCKLEN,

Plaintiff,

v. Case No. 8:25-cv-2558-SDM-CPT

FRANK BISIGNANO,
Acting Commissioner of Social Security,

Defendant.
___________________________________/

# REPORT AND RECOMMENDATION

The Plaintiff seeks judicial review of the Commissioner's denial of her claim for Disability Insurance Benefits (DIB). For the reasons discussed below, I respectfully recommend the Commissioner's decision be reversed, and the case be remanded.

I.

The Plaintiff was born in 1970, received a degree in respiratory therapy after graduating from high school, and has past relevant work experience as a health services administrator. (R. 27–28, 50–51, 80, 185). In January 2022, the Plaintiff filed an application for DIB, alleging disability as of November 2021. *Id.* at 16. The Social Security Administration (SSA) denied the Plaintiff's application both initially and on reconsideration. *Id.* at 13, 16, 29.

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter in February 2025. *Id.* at 16. The Plaintiff was represented by counsel at that proceeding and testified on her own behalf. *Id.* A vocational expert (VE) also testified. *Id.* During the hearing, Plaintiff amended her alleged onset date to January 2022. *Id.*

In a decision issued in March 2025, the ALJ found that the Plaintiff: (1) had not engaged in substantial gainful activity since her initial alleged onset date in November 2021; (2) had the severe impairments of obesity, fibromyalgia, polyneuropathy, spinal disorders, psoriatic arthritis, degenerative joint disease, carpal tunnel syndrome, chronic pain syndrome, and an ankle fracture status post open reduction and internal fixation; (3) did not, however, have an impairment or combination of impairments that met or medically equaled any of the listings;[1] (4) had the residual functional capacity (RFC) to perform light work subject to certain limitations;[2] and (5) based on the VE's testimony, could engage in her past relevant work as a health service

---

[1] The listings are found at 20 C.F.R. pt. 404, subpt. P, App'x 1, and catalog those impairments that the SSA considers significant enough to prevent a person from performing any gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). When a claimant's affliction matches an impairment on the list, the claimant is automatically entitled to disability benefits. *Id.*; *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

[2] These restrictions included that the Plaintiff could only lift twenty pounds occasionally and ten pounds frequently; could carry twenty pounds occasionally and ten pounds frequently; could sit for six hours in an eight-hour workday and could stand and walk for six hours in an eight-hour workday; could push and pull as much as she could lift and carry; could climb ramps and stairs occasionally; could not climb ladders, ropes, or scaffolds; could frequently balance and occasionally stoop, kneel, crouch, and crawl; and required a sit or stand alternative or the ability to alternate positions after a period of thirty minutes. (R. 21–22).

administrator. (R. 19–27). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. *Id.*

The Appeals Council denied the Plaintiff's request for review. *Id.* at 1. Accordingly, the ALJ's decision became the final decision of the Commissioner. *Viverette v. Comm'r of Soc. Sec.,* 13 F.4th 1309, 1313 (11th Cir. 2021) (citation omitted).

II.

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a).[3] A physical or mental determinable impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To ascertain whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)).[4] Under this process, an ALJ must assess whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe

[3] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

impairment that meets or equals one of the listings; (4) has the RFC to engage in her past relevant work; and (5) can perform other jobs in the national economy given her RFC, age, education, and work experience. *Id.* at 739 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). Although the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1279 (11th Cir. 2020) (citation omitted); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries his burden, the claimant must then prove she cannot engage in the work identified by the Commissioner. *Goode*, 966 F.3d at 1279. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (citation omitted).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is buttressed by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations and quotation marks omitted). In gauging whether

substantial evidence bolsters the Commissioner's decision, a court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam)). While a court will defer to the Commissioner's factual findings, it will not defer to his legal conclusions. *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citing *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).

III.

The Plaintiff raises four challenges on appeal: (1) the ALJ did not properly evaluate the Plaintiff's fibromyalgia pursuant to Social Security Ruling (SSR) 12-2p, 2012 WL 3104869 (July 25, 2012); (2) the ALJ wrongly rejected the opinions of the Plaintiff's treating physicians; (3) the ALJ erroneously assessed the Plaintiff's mental limitations and her other severe impairments; and (4) the ALJ incorrectly found that the Plaintiff possessed "transferable skills" enabling her to engage in other occupations which exist in substantial numbers in the national economy. (Doc. 11 at 1). After careful review, I find that the Plaintiff's first challenge has merit and alone warrants remand.

The Plaintiff's first claim of error—as noted above—centers on the ALJ's analysis of the Plaintiff's fibromyalgia under SSR 12-2p. (Doc. 11 at 11–16). SSR 12-2p defines fibromyalgia as "a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissue that has persisted for at least [three] months." 2012 WL 3104869, at *2. As the Eleventh Circuit has

recognized, fibromyalgia is a difficult affliction to assess because it is often unaccompanied by any "medical or laboratory signs and is generally diagnosed mostly on a[n] individual's described symptoms." *Moore*, 405 F.3d at 1211; *see also Reliford v. Barnhart*, 444 F. Supp. 2d. 1182, 1186–87 (N.D. Ala. 2006) ("[Fibromyalgia is] a common, but elusive and mysterious, disease. . . . Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia.") (internal quotation marks and citations omitted). Common symptoms of fibromyalgia include chronic "pain throughout the body, multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance that can exacerbate the cycle of pain and fatigue associated with the disease." *Davis v. Astrue*, 287 F. App'x 748, 762 (11th Cir. 2008) (per curiam) (citation omitted). Additionally, the symptoms of fibromyalgia "can wax and wane so that a person may have 'bad days and good days.'" SSR 12-2p, 2012 WL 3104869, at *6. As a result, "longitudinal records reflecting ongoing medical evaluation and treatment from acceptable medical sources are especially helpful in establishing both the existence and severity of [fibromyalgia]." *Id.* at *3.

The Eleventh Circuit highlighted the challenges of evaluating fibromyalgia in *Somogy v. Commissioner of Social Security*, observing that the "hallmark" of fibromyalgia is "a lack of objective evidence." 366 F. App'x 56, 63 (11th Cir. 2010) (per curiam) (citations omitted). One of the decisions that the *Somogy* court cited to buttress this observation was *Green-Younger v. Barnhart*, in which the Second Circuit noted that because of the subjective nature of fibromyalgia, "physical examinations will usually

yield normal results—a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions." *Green-Younger v. Barnhart*, 335 F.3d 99, 108–09 (2d Cir. 2003) (quotation omitted). In *Somogy*, the Eleventh Circuit went on to find that "[g]iven the nature of fibromyalgia, a claimant's subjective complaints of pain are often the only means of determining the severity of [the claimant's] condition and the functional limitations caused thereby." 366 F. App'x at 64 (citing *Green-Younger*, 335 F.3d at 107).

Courts within this Circuit have heeded the Eleventh Circuit's teachings in *Somogy*, acknowledging that there is usually a paucity of objective evidence in cases involving fibromyalgia. *See*, *e.g.*, *Smith v. Astrue*, 2012 WL 2912658, at *5 n.3 (M.D. Fla. June 25, 2012) (stating that joint and muscle examinations of an individual with fibromyalgia generally produce normal findings) (citations omitted), *report and recommendation adopted*, 2012 WL 2912657 (M.D. Fla. July 16, 2012). Indeed, at least one court in this District has found that an "undue emphasis on the lack of objective findings to substantiate a claimant's fibromyalgia-related reports constitutes error under well-established case law of this Circuit." *Francis v. Saul*, 2020 WL 1227589, at *4 (M.D. Fla. Mar. 13, 2020) (citing *Witherell v. Berryhill*, 2019 WL 1397927, at *4 (M.D. Fla. Mar. 28, 2019)).

When a claimant alleges that she suffers from disabling fibromyalgia, an ALJ must look to SSR 12-2p, which offers guidance on how the SSA discerns whether a claimant's fibromyalgia amounts to a medically determinable impairment and, more

broadly, how the SSA assesses fibromyalgia as part of a disability claim. *See* SSR 12-2p, 2012 WL 3104869, at *1; *see also Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) (per curiam) (discussing SSR 12-2p and noting that SSRs are "binding on all components of the [SSA]"). For a claimant's fibromyalgia to be a medically determinable impairment, a claimant must have a physician's diagnosis of fibromyalgia, as well as evidence that satisfies one of two sets of standards, both of which are generally predicated on guidelines developed by the American College of Rheumatology (ACR). *See* SSR 12-2p, 2012 WL 3104869, at *2. The first set of standards—known as the "1990 ACR Criteria"—require (1) a history of widespread pain, (2) at least eleven positive tender points on physical examination, and (3) evidence that other disorders which can cause the symptoms or signs of fibromyalgia were excluded. *Id*. at *2–3. The second set of standards—known as the "2010 ACR Preliminary Diagnostic Criteria" or the "2010 ACR Criteria"—require (1) a history of widespread pain; (2) reported manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions; and (3) evidence that other disorders which could cause the symptoms or signs were excluded. *Id*. at *3. A claimant's fibromyalgia is deemed to be a medically determinable impairment if it meets either the 1990 ACR Criteria or the 2010 ACR Criteria. *See* SSR 12-2p, 2012 WL 3104869, at *2–3; *see also Marcus v. Comm'r of Soc. Sec.*, 2023 WL 1860638, at *4 (M.D. Fla. Feb. 9, 2023) (observing that, under 12-2p, fibromyalgia is a medically determinable impairment if it satisfies either the 1990 ACR Criteria or the 2010 ACR Criteria); *Breanne P. v. Bisignano*, 2025 WL 2720607, at *2 (N.D. Ill. Sept. 24, 2025) (same); *Takiea T. v.*

*Comm'r of Soc. Sec.*, 2025 WL 1125306, at *4 (W.D.N.Y. Apr. 16, 2025) ("[A]n ALJ must assess both the 1990 ACR Criteria and the 2010 ACR Criteria before concluding that a claimant does not have a medically determinable impairment of fibromyalgia.") (citation omitted); *Susan C. v. Comm'r of Soc. Sec.*, 2023 WL 3191607, *4 (W.D.N.Y. May 2, 2023) (same).

If a claimant's fibromyalgia constitutes a medically determinable impairment, an ALJ must then consider that condition in the sequential evaluation process to ascertain whether the claimant is disabled. *See* SSR 12-2p, 2012 WL 3104869, at *4–5. As part of that process, the ALJ must assess "the severity of the impairment, whether the impairment medically equals the requirements of a listed impairment, and whether the impairment prevents the [claimant] from doing . . . her past relevant work or other work that exists in significant numbers in the national economy." *Id.* at *5.

In her decision here, the ALJ found at step two that the Plaintiff suffered from multiple "severe impairments," including fibromyalgia. (R. 19). In support of this finding, the ALJ summarily stated that these "*medically determinable impairments* significantly limit[ed] the [Plaintiff's] ability to perform basis work activities." *Id.* (emphasis added). Importantly, however, the ALJ did not mention SSR 12-2p anywhere in her step two analysis, much less explain why she deemed the Plaintiff's fibromyalgia to be a "medically determinable impairment" at that step. *Id.* at 19–21.

The ALJ did, however, expressly address the Plaintiff's fibromyalgia at step three but concluded—in contrast to her characterization of this malady at step two—that the Plaintiff's fibromyalgia was *not* a medically determinable impairment. (R. 21).

The ALJ reached this conclusion despite acknowledging the Plaintiff's testimony that she "suffered from fibromyalgia" and despite acknowledging that the record contained "diagnoses of fibromyalgia by the [Plaintiff's] treating sources." *Id.* The ALJ reasoned:

> [SSR] 12-2p provides [that] fibromyalgia may be found to be a medically determinable impairment if there is documented evidence consistent with a diagnosis of fibromyalgia. Generally, the claimant must meet the 1990 [ACR] criteria of widespread pain in all quadrants of the body and axial skeletal pain that persisted for at least three months and at least [eleven] out of [eighteen] positive tender points on a physical examination. In the instant case, . . . there is no documented evidence that supports fibromyalgia as a medically determinable impairment such as [eleven] out of [eighteen] positive tender points on a physical examination. Therefore, the undersigned finds fibromyalgia is not established as a medically determinable impairment.

*Id.*[5]

Although the ALJ cited SSR 12-2p at step three as reflected in this passage, she did not consider whether the Plaintiff met the 2010 ACR Criteria as SSR 12-2p directs. Indeed, the ALJ did not reference that set of criteria at all in her decision. Numerous courts in this District and elsewhere have ruled that an ALJ's failure to properly examine a claimant's fibromyalgia in accordance with SSR 12-2p necessitates reversal and remand. *See, e.g.*, *Morgan v. Comm'r of Soc. Sec.*, 2015 WL 1311062, *7 (M.D. Fla. Mar. 24, 2015) (reversing and remanding because the ALJ did not correctly assess the

[5] The ALJ's far more substantive finding at step three that the Plaintiff's fibromyalgia was not a medically determinable impairment fatally undermines her perfunctory statement at step two that this infirmity was medically determinable. (R. 19).

claimant's fibromyalgia under SSR 12–2p); *Nowaczyk v. Kijakazi*, 2022 WL 3031230, at *5 (N.D. Fla. July 12, 2022) (same). The decisions reversing and remanding the Commissioner on these grounds include instances where the ALJs did not apply both the 1990 and the 2010 ACR Criteria in evaluating a claimant's fibromyalgia. *See*, *e.g.*, *Marcus*, 2023 WL 1860638, at *4 (reversing and remanding because "there [wa]s no substantive analysis of the . . . [2010 ACR C]riteria" in the ALJ's decision); *Breanne P.*, 2025 WL 2720607, at *4–5 (finding that the ALJ reversibly erred by, inter alia, not analyzing the claimant's fibromyalgia under both sets of ACR criteria); *Takiea T.*, 2025 WL 1125306, at *5 ("[The f]ailure to analyze both [the 1990 and 2010 ACR] evidentiary pathways that may support a finding that fibromyalgia may constitute a medically determinable impairment [under SSR 12-2p] has been found to require remand.") (citations omitted); *Jessica M. v. O'Malley*, 2024 WL 4860806, at *4–6 (S.D. Tex. Nov. 20, 2024) (deeming the ALJ committed reversible error by not adhering to SSR 12-2p's framework, including by not considering all of the 2010 ACR Criteria); *Wiant v. Colvin*, 2016 WL 3261881, at *3 (W.D. Pa. June 14, 2016) (determining that remand was necessary because it was unclear whether the ALJ applied the 2010 ACR Criteria).

The Commissioner does not mention, much less distinguish, this line of decisions. Instead, he simply asserts that the ALJ "properly considered [the Plaintiff's] fibromyalgia under SSR 12-2p" without explaining—at least in any meaningful way—how the ALJ did so in accordance with the dictates of SSR 12-2p. *See* (Doc. 15 at 6). Perhaps nowhere is this more evident than the Commissioner's wholesale failure to

confront the fact that the ALJ ignored the 2010 ACR Criteria in deciding at step three that the Plaintiff's fibromyalgia was not a medically determinable impairment.

There is case authority that when an ALJ does not correctly apply SSR 12-2p in evaluating whether a claimant's fibromyalgia amounts to a medically determinable impairment, that misstep is not subject to a harmless error analysis. *See Nowaczyk*, 2022 WL 3031230, at *5 n.5 (noting that "numerous courts" have ruled that when an ALJ wrongly concludes that a claimant's impairment is not medically determinable, "the harmless error doctrine is inapplicable") (collecting cases); *Takeia T.*, 2025 WL 1125306, at *6 (finding the ALJ's improper assessment that the claimant's fibromyalgia was not medically determinable "c[ould ]not be deemed harmless"); *Susan C.*, 2023 WL 3191607, at *5 (same); *see also Moore v. Saul*, 2020 WL 1308404, at *6–7 (N.D. Ala. Mar. 19, 2020) ("[T]he [c]ourt cannot say that the [ALJ's] error [in not finding the claimant's fibromyalgia to be medically determinable] was harmless without plugging fibromyalgia into [the later s]teps, then re-weighing the evidence. To do that would require conjecture that invades the province of the ALJ."). The Commissioner does not make a harmless error argument relative to the ALJ's misapplication of SSR 12-2p, and his failure to do so constitutes a waiver on the matter. *See Lowery v. Acting Comm'r, Soc. Sec. Admin.*, 2024 WL 890133, at *4 (11th Cir. Mar. 1, 2024) (per curiam) (finding that "the Commissioner waived any harmless error argument by failing to present it in her submission to th[e c]ourt").

Even if the Court were to employ a harmless error analysis here, it would not overcome the fact that the ALJ did not examine the 2010 ACR Criteria. For starters,

"if the ALJ found [that the] Plaintiff's fibromyalgia was a medically determinable impairment [at step three], then the ALJ would have considered at [that s]tep . . . whether the severity of [the] Plaintiff's fibromyalgia equaled that of a statutorily listed disability, which could automatically establish [the] Plaintiff to be disabled." *Jessica M.*, 2024 WL 4860806, at *6 (citation omitted); *see also* SSR 12-2p, 2012 WL 3104869, at *5–6 (stating that once it is decided that a claimant's fibromyalgia is a medically determinable impairment, an ALJ must then evaluate that condition as part of the sequential evaluation process, including at step three, where the ALJ must ascertain "whether [the claimant's fibromyalgia] medically equals a listing . . . or whether it medically equals a listing in combination with at least one other medically determinable impairment"). Stated differently, "by failing to properly analyze [the] Plaintiff's fibromyalgia and [by] finding it was not medically determinable, the ALJ foreclosed the possibility of finding it was a basis for disability at [s]tep [t]hree." *Jessica M.*, 2024 WL 4860806, at *6 (citations omitted); *see also Moreno v. Comm'r of Soc. Sec. Admin.*, 698 F. Supp. 3d 935, 941 (W.D. Tex. 2023) ("[I]f the ALJ had found the fibromyalgia diagnosis was a medically determinable impairment, the ALJ would have considered at step three whether the severity of [the claimant's] fibromyalgia equaled that of a statutorily listed disability, which could automatically establish [the claimant] to be disabled.") (citing *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007)); *McCurry v. Kijakazi*, 2022 WL 3135753, at *4 (W.D. Tex. Aug. 5, 2022), *report and recommendation adopted*, 2022 WL 17732696 (W.D. Tex. Sept. 26, 2022) ("The ALJ's consideration of [the claimant's] fibromyalgia could have

altered his determination at step three. . . . Accordingly, the ALJ's error was not harmless.").

In addition to this harm, the ALJ's conclusion that the Plaintiff's fibromyalgia was not a medically determinable impairment at step three also meant that the ALJ did not have any grounds upon "which to credit [the Plaintiff's] fibromyalgia[-]related symptoms . . . throughout the rest of [her] analysis." *Takeia T.*, 2025 WL 1125306, at *6; *see also Koster v. Kijakazi*, 2023 WL 8531776, at *4 (N.D. Ala. Dec. 8, 2023) ("[B]ecause the ALJ found that [the] claimant's fibromyalgia was not a medically determinable impairment, the ALJ did not consider [the] claimant's symptoms arising from fibromyalgia when determining [the] claimant's [RFC]."); *Matthews v. Kijakazi*, 2022 WL 4355348, at *5 n.9 (N.D. Fla. Aug. 30, 2022) (same) (collecting cases), *report and recommendation adopted,* 2022 WL 4358099 (N.D. Fla. Sept. 20, 2022). This is "because an ALJ may credit a claimant's statements about her symptoms and functional limitations only if the impairment to which they . . . [pertain] is medically determinable." *Cooper v. Comm'r of Soc. Sec.*, 2019 WL 1109573, at *5 (W.D.N.Y. Mar. 11, 2019) (citing SSR 12-2p, 2012 WL 3104869, at *5).[6]

---

[6] While the Court need not sift through the medical evidence as part of any harmless error analysis, it is noteworthy that the ALJ did not mention SSR 12-2p and the Plaintiff's fibromyalgia after step three. (R. 21–29). It is also notable that the ALJ evaluated all the treatment notes and other documentary information together at step four without differentiating those portions of the record which specifically concerned the Plaintiff's fibromyalgia. The ALJ's generalized approach to the Plaintiff's fibromyalgia further counsels in favor of a remand. As one court explained when presented with an analogous circumstance:

> [Although the claimant] alleged disability due to various impairments, the ALJ failed to expressly treat fibromyalgia any differently, as directed by SSR 12-2p. . . . [T]he ALJ d[id] not account for SSR 12-2p's recognition that physical examinations will

In sum, the ALJ's failure to properly evaluate the Plaintiff's fibromyalgia under SSR 12-2p by ignoring the 2010 ACR Criteria constitutes reversible error necessitating remand. As a result, the Court need not resolve the Plaintiff's remaining challenges. *See McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (ruling that there was no need to analyze any additional issues because the case was reversed due to other dispositive errors); *Demenech v. Sec'y of Dep't of Health & Hum. Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (declining to entertain the claimant's remaining arguments given the determinations rendered in remanding the action); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (stating that it was unnecessary to review other issues raised where remand was required) (citations omitted); *Bekiempis v. Colvin*, 2017 WL 459198, at *5 (M.D. Fla. Jan. 17, 2017) (bypassing a discussion of two other contentions broached by the claimant in

---

> usually yield normal results. . . . [and that] [a]ny inconsistencies [will be] less remarkable when viewed in light of the longitudinal record and when considering the fact that the symptoms of fibromyalgia can wax and wane so that a person may have good days and bad days.

*Vazquez v. Comm'r of Soc. Sec.*, 2022 WL 909754, at *7 (M.D. Fla. Mar. 29, 2022) (internal quotation marks and citations omitted). The court's observation in *Vazquez* appears to apply equally here. *See* (R. 22) (observing that the Plaintiff testified "experiencing significant pain symptoms and stiffness predominantly in the morning," and "that, due to her fatigue, she took naps during the day. . . . Consistent with the [Plaintiff's] testimony, the medical record showed [she] reported experiencing 'a lot of fatigue, pain, and issues with balance with several mechanical falls[.]'") (internal record citations omitted); *see also* (R. 23) (noting that that the Plaintiff complained of 8/10 pain in January 2023); (R. 25) (commenting that although treatment notes from July 2024 indicated the Plaintiff was "doing good" with "no new issues," the Plaintiff "reported having tingling, numbness, and paresthesia of the legs in the right L5 distribution with more 'tingling during day time,'" and "described her symptoms as 'on and off'"); (R. 25–26) (remarking that while the Plaintiff had been walking for exercise, she testified in February 2025 that "there were days when she had difficulty dressing and toileting" and also "reported that standing, walking, sitting, and exercise increased her pain level").

light of remand). On remand, the ALJ must consider the entirety of the record evidence in accordance with the governing case law and the applicable regulatory provisions in assessing the Plaintiff's impairments. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (noting that the ALJ must take into account the whole record on remand).

IV.

For the foregoing reasons, I respectfully recommend that the Court:

1. Reverse the Commissioner's decision and remand the case to the SSA for further proceedings consistent with the Court's Order.

2. Direct the Clerk of Court to enter Judgment in the Plaintiff's favor and to close the case.

Respectfully submitted this 10th day of July 2026.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal

conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Steven D. Merryday, United States District Judge
Counsel of record